UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

KEITH SPARROW,

                    Plaintiff,

        v.

CAROLYN W. COLVIN,

                    Defendant.

NO:  14-CV-3005-FVS

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 19 and 25.  This matter was submitted for consideration without oral argument.  Plaintiff was represented by D. James Tree. Defendant was represented by Diana Andsager.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion for Summary Judgment.

**JURISDICTION**

1    Plaintiff Keith Sparrow protectively filed for disability insurance benefits

2    and supplemental security income ("SSI") on January 27, 2009, alleging an onset

3    date of March 11, 2008. Tr. 158-161. Benefits were denied initially and upon

4    reconsideration. Tr. 110-113, 116-122. Plaintiff requested a hearing before an

5    administrative law judge ("ALJ"), which was held before ALJ R.J. Payne on

6    February 7, 2011. Tr. 64-103. Plaintiff was represented by counsel and testified at

7    the hearing. Tr. 81-100. Medical experts Dr. Reuben Beezy and Dr. Thomas

8    McKnight also testified. Tr. 68-80. The ALJ denied benefits on February 17, 2011.

9    Tr. 35-49. Plaintiff filed a request for review by the Appeals Council, which was

10    granted because the ALJ decision "was not supported by substantial evidence." Tr.

11    154-157. On July 24, 2012, the Appeals Council issued an unfavorable decision.

12    Tr. 19-27.

13    Jurisdiction to review the Secretary's decisions regarding disability benefits

14    is governed by 42 U.S.C. § 405(g), which provides for review only of a "final

15    decision of the Commissioner of Social Security made after a hearing." 42 U.S.C.

16    § 405(g) (1988).  When the Appeals Council denies review of claim, the ALJ's

17    decision is a final decision subject to review.  *Sims v. Apfel*, 530 U.S. 103, 106

18    (2000); *Osenbrock v. Apfel*, 240 F.3d 1157, 1160 (9th Cir. 2001); *McCarthy v.*

19    *Apfel*, 221 F.3d 1119, 1122 (9th Cir. 2000). However, when the Appeals Council

20    reviews a claim, the Appeals Council decision is the final decision under § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 2

*See Sousa v. Callahan*, 143 F.3d 1240, 1242 n. 3 (9th Cir. 1998); 20 C.F.R. §§ 404.981, 422.210(a).  Thus, this court has jurisdiction over the July 24, 2012 decision of the Appeals Council, which is the final decision of the Commissioner. The court does not have jurisdiction to review the decision of ALJ Payne, which in this case is not a final decision of the Secretary. However, because the Appeals Council adopted many of the ALJ's findings and conclusions, this decision will reference the ALJ's findings when applicable.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 43 years old at the time of the hearing. Tr. 81. He graduated from high school. Tr. 92. Plaintiff has been employed as an alarm installer, landscape laborer, machine operator, maintenance technician, sanitation worker, and pesticide applicator. Tr. 206-217. He sustained a back injury while working in 2003. Tr. 81-82. Plaintiff alleges he is disabled due to a back injury, hypertension, and depression. *See* Tr. 116. Plaintiff testified he can sit for half an hour before he needs to move around; stand for fifteen minutes to half an hour before he feels pressure in his hips and back; and walk for fifteen minutes at a time. Tr. 84-86. He can comfortably lift 25 or 30 pounds. Tr. 88-89. His pain is generally about a four

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  3

1    or five on a scale of one to ten, with the worst being a seven. Tr. 97. Plaintiff

2    testified that he does not talk to his friends as much and isolates himself. Tr. 90. He

3    reported that he has done a lot of crying since his wife was diagnosed with

4    Huntington's disease. Tr. 90.

5                              **STANDARD OF REVIEW**

6           A district court's review of a final decision of the Commissioner of Social

7    Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

8    limited: the Commissioner's decision will be disturbed "only if it is not supported

9    by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153,

10   1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means

11   relevant evidence that "a reasonable mind might accept as adequate to support a

12   conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently,

13   substantial evidence equates to "more than a mere scintilla[,] but less than a

14   preponderance." *Id.* (quotation and citation omitted). In determining whether this

15   standard has been satisfied, a reviewing court must consider the entire record as a

16   whole rather than searching for supporting evidence in isolation. *Id.*

17          In reviewing a denial of benefits, a district court may not substitute its

18   judgment for that of the Commissioner. If the evidence in the record "is susceptible

19   to more than one rational interpretation, [the court] must uphold the

20   [Commissioner's] findings if they are supported by inferences reasonably drawn

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  4

from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse [a] decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 5

Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis

proceeds to step two. At this step, the Commissioner considers the severity of the

claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the

claimant suffers from "any impairment or combination of impairments which

significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

416.920(c). If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to

several impairments recognized by the Commissioner to be so severe as to

preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the

claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity

of the enumerated impairments, the Commissioner must pause to assess the

claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  6

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 7

1    The claimant bears the burden of proof at steps one through four above.

2  *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If

3  the analysis proceeds to step five, the burden shifts to the Commissioner to

4  establish that (1) the claimant is capable of performing other work; and (2) such

5  work "exists in significant numbers in the national economy." 20 C.F.R. § §

6  404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir. 2012).

7                                ALJ'S FINDINGS

8        At step one, the ALJ found Plaintiff has not engaged in substantial gainful

9  activity since March 11, 2008, the alleged onset date. Tr. 40. At step two, the ALJ

10 found Plaintiff has the following severe impairments: a shortened right leg with

11 mild/minimal disc protrusions and bulging of the lumbar and cervical spines. Tr.

12 40. At step three, the ALJ found that Plaintiff does not have an impairment or

13 combination of impairments that meets or medically equals the severity of one of

14 the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 42. The ALJ

15 then determined that Plaintiff has the RFC "to perform sedentary work as defined

16 in 20 CFR 404.1567(a) and 416.967(a) with postural limitations for climbing,

17 crawling, kneeling, bending, and unprotected heights." Tr. 42. At step four, the

18 ALJ found Plaintiff is unable to perform any past relevant work. Tr. 44. After

19 considering the Plaintiff's age, education, work experience, and RFC, the ALJ

20 determined there are jobs that exist in significant numbers in the national economy

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  8

1    that the Plaintiff can perform. Tr. 45. The ALJ concluded that Plaintiff has not

2    been under a disability, as defined in the Social Security Act, from March 11,

3    2008, through the date of the decision. Tr. 45.

4                              APPEALS COUNCIL FINDINGS

5             At step one, the Appeals Council found Plaintiff has not engaged in

6    substantial gainful activity since March 11, 2008, the alleged onset date. Tr. 24. At

7    step two, the Appeals Council found Plaintiff has the following severe

8    impairments: a shortened right leg with mild/minimal disc protrusions and bulging

9    of the lumbar and cervical spines. Tr. 24. At step three, the Appeals Council found

10   that Plaintiff does not have an impairment or combination of impairments that

11   meets or medically equals the severity of one of the listed impairments in 20

12   C.F.R. Part 404, Subpt. P, App'x 1. Tr. 24. The Appeals Council then determined

13   that Plaintiff had the RFC "to lift 10 pounds occasionally, stand or walk for two

14   hours in an eight-hour workday as well as sit for six hours in an eight-hour

15   workday. The claimant was limited to occasional climbing, stooping, kneeling,

16   crouching and crawling, as well as occasional exposure to unprotected heights."

17   Tr. 24. At step four, the Appeals Council found Plaintiff is unable to perform any

18   past relevant work. Tr. 24. After considering the Plaintiff's age, education, work

19   experience, and RFC, the Appeals Council found Plaintiff was "not disabled"

20   within the framework of Medical-Vocational Rule 201.28 and SSR 85-15. Tr. 45.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 9

The Appeals Council concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from March 11, 2008, through the February 17, 2011 decision by the ALJ. Tr. 24-25.

## ISSUES

The question is whether the Commissioner's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the Appeals Council improperly rejected Plaintiff's subjective complaints; (2) the Appeals Council improperly evaluated the opinion evidence of record; and (3) the Appeals Council committed reversible error by failing to discern chronic pain syndrome and depression as severe impairments at step two; (4) the Appeals Council failed to complete the administrative record; and (5) the Appeals Council erred at step five.[1] ECF No. 19 at 20-36. Defendant argues: (1) the Commissioner reasonably concluded that Plaintiff was not credible; (2) the Commissioner

---

[1] Plaintiff generally argues that according to the Commissioner's Hearings, Appeals and Litigation Law manual ("HALLEX"), which provides guidance on processing and adjudicating Social Security claims, the Appeals Council should have remanded the case to the ALJ for further proceedings. ECF No. 19 at 20-22 (citing HALLEX I-3-3-4). However, it is well-established in the Ninth Circuit that HALLEX has no legal force and is not binding on the courts. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  10

1    reasonably evaluated the medical opinion evidence; (3) the ALJ's step two finding

2    was supported by substantial evidence; (4) the administrative record is complete;

3    and (5) the Commissioner reasonably concluded that Plaintiff was not disabled at

4    step five. ECF No. 25 at 4-19.

5                                    **DISCUSSION**

6    **A. Credibility**

7            In social security proceedings, a claimant must prove the existence of

8    physical or mental impairment with "medical evidence consisting of signs,

9    symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's

10   statements about his or her symptoms alone will not suffice. *Id*. Once an

11   impairment has been proven to exist, the claimant need not offer further medical

12   evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v.*

13   *Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment

14   "could reasonably be expected to produce [the] symptoms," the claimant may offer

15   a subjective evaluation as to the severity of the impairment. *Id.* This rule

16   recognizes that the severity of a claimant's symptoms "cannot be objectively

17   verified or measured." *Id.* at 347 (quotation and citation omitted).

18           If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ

19   must make a credibility determination with findings sufficiently specific to permit

20   [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 11

1    testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this

2    determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for

3    truthfulness; (2) inconsistencies in the claimant's testimony or between his

4    testimony and his conduct; (3) the claimant's daily living activities; (4) the

5    claimant's work record; and (5) testimony from physicians or third parties

6    concerning the nature, severity, and effect of the claimant's condition. *Id.* Absent

7    any evidence of malingering, the ALJ's reasons for discrediting the claimant's

8    testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d

9    661, 672 (9th Cir.2012) (quotation and citation omitted).

10          Here, the Appeals Council found Plaintiff's "subjective complaints were not

11   fully credible for the reasons identified in the [ALJ's] decision." Tr. 24. The ALJ

12   generally found "the claimant's statements concerning the intensity, persistence

13   and limiting effects of [his] symptoms are not credible to the extent they are

14   inconsistent with the above residual functional capacity assessment." Tr. 44.

15   Plaintiff argues the Appeals Council, through the adoption of the ALJ's credibility

16   finding, committed reversible error by improperly rejecting Plaintiff's subjective

17   complaints. ECF No. 19 at 28-31. The court agrees. First, "[i]n assessing the

18   claimant's subjective allegations of disability, the [ALJ found] that according to

19   his medical records, other than one [sic] evaluators indication of a shortened right

20   leg, he has had only minimal/mild objective findings for any significant back or

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  12

neck impairment." Tr. 43. However, the ALJ did not support his reasoning with citations to these alleged "minimal/mild objective findings" regarding Plaintiff's claims of back and neck impairments. *See Thomas*, 278 F.3d at 958 (ALJ must "make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.") Defendant argues that "the Commissioner was entitled to rely on the fact that multiple providers noted that Plaintiff's allegations of pain were out of proportion to, or inconsistent with his allegations, as a reason to discount his credibility." ECF No. 25 at 13-14. However, regardless of the existence of this evidence, the ALJ did not provide any support for his reasoning in the decision. "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

The court notes that the ALJ does cite to a June 2009 consultative psychological evaluation opining that Plaintiff only had a "mild mood disorder" and finding "no indication that he suffers from any significant mental impairment or limitations despite his assertions of depression." Tr. 44, 386. The ALJ also refers to, but provides no citations for, "more recent records … show[ing] that [Plaintiff] has been stable with only mild hypertension, stable depression, and fibromyalgia," and Plaintiff's testimony that his average pain level is generally a 4-

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 13

5 and "at worse a 7." Tr. 44. However, while medical evidence is a relevant factor

in determining the severity of a claimant's disabling effects, subjective testimony

may not be rejected solely because it is not corroborated by objective medical

findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). As discussed

below, the ALJ's only other reason for rejecting Plaintiff's testimony is not clear,

convincing, and supported by substantial evidence. As such, even if the objective

medical evidence does not support the level of impairment claimed, the negative

credibility finding is inadequate because a lack of objective evidence cannot be the

sole basis for discrediting Plaintiff's testimony.

The ALJ noted that Plaintiff "estimated an average pain level of 4-5 [on the

typical pain scale of 0-10], at worse a 7, and on the day of hearing a 3-4, and that

he only took over the counter medications." Tr. 44, 91-92, 97. "Evidence of

'conservative treatment' is sufficient to discount a claimant's testimony regarding

severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007)

(relying on claimant's treatment of physical ailments with over-the-counter pain

medication). Plaintiff did testify that he took over-the-counter medication for his

pain. Tr. 91-92. However, as noted by Plaintiff, the ALJ did not consider evidence

that Plaintiff discontinued use of certain medications due to side effects including

feeling dizzy, groggy and nauseated; notations that he is allergic to certain pain

medications; and indications that certain medications did not "solve his pain." ECF

No. 19 at 31; Tr. 91-92, 288-290, 294, 303, 307, 340. Moreover, over the course of the adjudicatory period, Plaintiff has taken more than over-the counter medication, including: anti-inflammatories, anti-spasmodics, muscle relaxers, and antidepressants. Tr. 385, 424, 427, 431-32, 443. Defendant argues the ALJ's finding was reasonable because the record alludes to Plaintiff's previous use of Percocet, which is seemingly inconsistent with records indicating he is "allergic to pain medications." ECF No. 25 at 15 (citing Tr. 286). However, the ALJ fails to address this alleged inconsistency in his decision, nor does he elaborate with any specificity as to why Plaintiff's medication history undermines his testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (in making a credibility finding, the ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."). Thus, assuming arguendo that the ALJ's notation regarding over-the-counter medication was offered as a reason to find Plaintiff not credible, the court finds it was not specific, clear and convincing.

Based on the foregoing, the ALJ and Appeals Council failed to cite specific, clear and convincing reasons, supported by substantial evidence, for the adverse credibility finding. On remand, the Commissioner should reconsider the credibility finding.

**B. Medical Opinion Evidence**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)).

1    The Appeals Council considered "new and material evidence" that was not

2    previously considered by the ALJ, including medical source statements from

3    Plaintiff's treating providers H. Benno Marx, M.D. and Jory Anderson, D.C.

4    "When the Appeals Council makes a decision, it will follow the same rules for

5    considering opinion evidence as [ALJs] follow." 20 C.F.R. § 404.1527(e)(3).

6    Plaintiff contends the Appeals Council erred by improperly rejecting these

7    opinions. ECF No. 19 at 25-28.

8    **1) H. Benno Marx**

9    The Appeals Council considered Dr. Marx's opinion dated June 13, 2012, in

10   which he noted diagnoses of chronic pain, compression of T12, L1, L2, and

11   secondary depression. Tr. 522. Dr. Marx opined that Plaintiff would probably miss

12   1-2 days a week due to medical impairments if he attempted to work a 40-hour per

13   week schedule. Tr. 523. The Appeals Council did not consider or grant weight to

14   this opinion. Tr. 22; *see* 20 C.F.R. § 404.1527 (directing ALJ to evaluate every

15   medical opinion in the record regardless of its source). Rather, it found "the

16   medical source statement submitted by Dr. Marx is [] similar to his opinion dated

17   October 11, 2010. This opinion was addressed in the [ALJ's] decision on pages six

18   and seven." Tr. 22. The court can only assume this "finding" by the Appeals

19   Council was intended to apply the ALJ's reasoning and ultimate rejection of Dr.

20   Marx's 2010 opinion, to Dr. Marx's 2012 opinion. As noted by the ALJ in his

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 17

1  decision, in October 2010 Dr. Marx "indicated that the claimant has suffered from

2  chronic back pain, fatigue and depression, and would need to lay down throughout

3  the day, [and] have the potential to be [sic] absence/miss work up to four days a

4  month, and that work would deteriorate his condition." Tr. 43-44, 422-23. The ALJ

5  summarily "rejected" Dr. Marx's opinion "as completely unsupported." Tr. 44.

6  Plaintiff argues "[a] generic assertion that an opinion is not supported by the record

7  is simply an inadequate basis for rejecting the opinion." ECF No. 19 at 26. The

8  court agrees.

9       Defendant offers several compelling reasons that could be used to support a

10  rejection of Dr. Marx's opinion. ECF No. 25 at 9-10. For example, "an ALJ may

11  discredit treating physicians' opinions that are conclusory, brief, and unsupported

12  by the record as a whole, or by objective medical findings." *Batson v. Comm'r of*

13  *Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2003) (citations omitted).

14  However, when explaining his reasons for rejecting medical opinion evidence, the

15  ALJ must do more than state a conclusion; instead, the ALJ must "set forth his

16  own interpretations and explain why they, rather than the doctors', are correct."

17  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting

18  out a detailed and thorough summary of the facts and conflicting clinical evidence,

19  stating his interpretation thereof, and making findings." *Id*.  Defendant argues that

20  "the Commissioner's opinion, read as a whole, makes clear the basis for his

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  18

1    rejection of Dr. Marx's opinion." ECF No. 25 at 10. However, even were the court

2    to accept the general recounting of "conflicting" medical evidence across the

3    entirety of the decision (Tr. 40-44), the ALJ only states a conclusion regarding Dr.

4    Marx's opinion without the requisite "set[ting] forth [of] his own interpretations."

5    *See Reddick*, 157 F.3d at 725. This was error and the Commissioner must

6    reconsider Dr. Marx's opinion on remand.

7         **2) Jory Anderson, D.C.**

8         As a chiropractor, Dr. Anderson is not an "acceptable medical source"

9    within the meaning of 20 C.F.R. § 416.913(a). Instead, Dr. Anderson qualifies as

10   an "other source" as defined in 20 C.F.R. § 416.913(d). *Molina v. Astrue*, 674 F.3d

11   1104, 1111 (9th Cir. 2012). The ALJ need only provide "germane reasons" for

12   disregarding Dr. Anderson's opinion. *Molina*, 674 F.3d at 1111. However, the ALJ

13   is required to "consider observations by nonmedical sources as to how an

14   impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226,

15   1232 (9th Cir. 1987). Moreover, "the adjudicator generally should explain the

16   weight given to opinions from these 'other sources,' or otherwise ensure that the

17   discussion of the evidence in the determination or decision allows a claimant or

18   subsequent reviewer to follow the adjudicator's reasoning, when such opinions

19   may have an effect on the outcome of the case." SSR 06-03p (Aug. 9, 2006),

20   *available at* 2006 WL 2329939 at *4.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 19

1    In June 2010 Dr. Anderson opined that Plaintiff is prevented from working

2    because he could not stand for longer than half an hour or perform manual labor

3    "due to worsening of compression fractures and thoracolumbar instability." Tr.

4    519. Dr. Anderson also opined that Plaintiff could "maybe" do office work. Tr.

5    519. The Appeals Council considered this evidence and found "that the

6    longitudinal record does not support [Dr. Anderson's] conclusion." Tr. 22. Plaintiff

7    argues the Appeals Council failed to provide the requisite reasons for their

8    apparent rejection of Dr. Anderson's opinion. The court agrees. The Appeals

9    Council merely states a conclusion, without pointing to any specific evidence in

10   the "longitudinal record" that would allow this court to assess its reasoning. *See*

11   SSR 06-03p, *available at* 2006 WL 2329939 at *4. For instance, the court is

12   unclear as to whether the "longitudinal record" does not support Dr. Anderson's

13   finding that Plaintiff could not stand longer than 30 minutes, *and* the opinion that

14   Plaintiff could no longer perform manual labor. *See* Tr. 22. Defendant again offers

15   "substantial evidence" that would seem to support the Appeals Council finding

16   (ECF No. 25 at 11), however, the court declines to consider reasoning not offered

17   by the Appeals Council as part of the decision. *See Bray*, 554 F.3d at 1226. This

18   reason was not specific or germane.

19        The Appeals Council further "note[d] that Dr. Anderson opined that the

20   claimant could perform office work, which is consistent with an ability to perform

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 20

1  sustained work activity at the sedentary level." Tr. 22. Plaintiff correctly argues

2  that this finding mischaracterizes Dr. Anderson's opinion that Plaintiff could

3  "maybe" perform office work. Tr. 519. Further, this error was not harmless,

4  because Dr. Anderson's opinion was too equivocal to be "consistent" with the

5  assessed ability to perform sustained work at the sedentary exertional level. *Cf.*

6  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error

7  harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate

8  disability conclusion). The Commissioner should reevaluate Dr. Anderson's

9  opinion on remand.

10        As a final matter, the court is compelled to note that, aside from the opinions

11  discussed above, the ALJ and Appeals Council neglected to evaluate all of the

12  medical opinion evidence regardless of whether it supported their decisions or not.

13  In determining whether a Plaintiff is disabled, the regulations direct the ALJ to

14  evaluate every medical opinion in the record regardless of its source. 20 C.F.R. §§

15  404.1527(b); 416.927(b). While the ALJ is not required to discuss all of the

16  evidence presented, he or she must explain why significant probative evidence has

17  been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). As

18  noted by Plaintiff, and discussed below, the omission of opinion analysis is

19  particularly glaring in the case of agency medical examiner Dr. Eugene Kester,

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 21

1   M.D., who opined multiple moderate mental health limitations, which were never

2   considered by the ALJ or Appeals Council. Tr. 402-404.

3          In this case, the ALJ improperly rejected the opinions of Dr. Marx and Dr.

4   Anderson without providing the requisite reasons supported by substantial

5   evidence; and failed to consider all of the medical opinion evidence. As a result,

6   remand is required for proper analysis of the medical opinion evidence.

7   **C. Step Two**

8          At step two of the sequential process, the ALJ must determine whether

9   Plaintiff suffers from a severe impairment. 20 C.F.R. § 416.920(a). To be

10  considered 'severe,' an impairment must significantly limit an individual's ability

11  to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Smolen v.*

12  *Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment that is 'not severe'

13  must be a slight abnormality (or a combination of slight abnormalities) that has no

14  more than a minimal effect on the ability to do basic work activities. SSR 96-3P,

15  1996 WL 374181 at *1 (July 2, 1996). Basic work activities include "abilities and

16  aptitudes necessary to do most jobs, including, for example, walking, standing,

17  sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. §

18  404.1521(b).

19         Plaintiff bears the burden to establish the existence of a severe impairment

20  or combination of impairments, which prevent him from performing substantial

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  22

1  gainful activity, and that the impairment or combination of impairments lasted for

2  at least twelve continuous months. 20 C.F.R. §§ 404.1505, 404.1512(a); *Edlund v.*

3  *Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2011). However, step two is "a de

4  minimus screening device [used] to dispose of groundless claims." *Smolen*, 80

5  F.3d at 1290. "Thus, applying our normal standard of review to the requirements of

6  step two, we must determine whether the ALJ had substantial evidence to find that

7  the medical evidence clearly established that [Plaintiff] did not have a medically

8  severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d

9  683, 687 (9th Cir. 2005).

10      The Appeals Council agreed with the ALJ's findings at step two and

11  likewise found that Plaintiff had severe impairments including: shortened right leg

12  with mild minimal disc protrusions and bulging of the lumbar and cervical spines.

13  Tr. 23-24, 40. Plaintiff argues the Appeals Council erred at step two by failing to

14  discern chronic pain syndrome and depression as severe impairments.[2] ECF No. 19

15  [2] Plaintiff appears to rely heavily on GAF scores to support his argument that

16  Plaintiff's mental impairments were severe at step two. ECF No. 19 at 23-25.

17  However, as correctly noted by Defendant, an ALJ is not bound to consider GAF

18  scores or give them controlling weight. ECF No. 25 at 6-7. In fact, the

19  Commissioner has explicitly disavowed use of GAF scores as indicators of

20  disability. "The GAF scale ... does not have a direct correlation to the severity

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 23

at 22-25. Defendant responds by citing evidence in the record properly identified

by the ALJ and Appeals Council to support their finding that these impairments

were not severe, including: (1) the July 2009 consultative examination findings

that Plaintiff had "no indication of cognitive, mood or affective problems that

would interfere with employability" (Tr. 386), and (2) the testimony of medical

expert Dr. McKnight who opined that Plaintiff had no severe mental impairment,

and found no more than mild limitations in activities of daily living, maintaining

social functioning, and maintaining concentration, persistence or pace (Tr. 23, 41-

42, 79-80, 476). ECF No. 25 at 5-6.

However, as discussed above, the ALJ and Appeals Council did not properly

consider the medical opinion evidence in this decision, including agency evaluator

Dr. Kester's mental residual functional capacity assessment that Plaintiff would be

moderately limited in his ability to maintain attention and concentration for

extended periods; interact appropriately with the general public; and get along with

coworkers or peers without distracting them or exhibiting behavioral extremes. Tr.

402-403. Moreover, Plaintiff's credibility was not properly considered, including

his testimony the primary reasons he cannot "hold up" a 40 hour work week are

pain and depression. Tr. 86-91. "The ALJ is responsible for determining

requirements in our mental disorder listing." 65 Fed.Reg. 50746–01, 50765

(August 21, 2000).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 24

credibility, resolving conflicts in medical testimony, and for resolving

ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Here, the

ALJ did not resolve conflicts in the medical opinion evidence, nor did he properly

determine Plaintiff's credibility. On remand the Commissioner should reevaluate

the step two finding after properly considering the opinion evidence and credibility

finding.

**D. Administrative Record**

Plaintiff argues that remand is necessary in this case because "the

administrative transcript is incomplete due to an inaudible hearing recording;

specifically, the medical expert Dr. Beezy's testimony is inaudible." ECF No. 19 at

35-36.  Plaintiff contends that this testimony was material evidence without which

the court cannot conduct an adequate review of the record. *Id*. (citing *Varney v.*

*Secretary of Health & Human Servs.*, 846 F.2d 581, 583 (9th Cir.) *relief modified*,

859 F.2d 1396 (9th Cir. 1988)); *see also Bray*, 554 F.3d at 1226 ("meaningful

review of an administrative decision requires access to the facts and reasons

supporting that decision"). Plaintiff specifically identifies several portions of Dr.

Beezy's testimony as "material," including: his opinion on whether pain is affected

by depression (Tr. 73), whether he concurs with treating physician Dr. Marx (Tr.

73-74), and whether he believes a treating physician is in a better position to form

an opinion as to a claimant's pain (Tr. 74-75). ECF No. 19 at 36. Defendant argues

1    that the inaudible portions are not material, and that the transcript is adequate for

2    judicial review. ECF No. 25 at 18-19.

3        Plaintiff insists that because "the ALJ agreed with Dr. Beezy's testimony the

4    testimony is critical to a correct analysis of the case." ECF No. 26 at 5. However, a

5    review of the record confirms that the Appeals Council did not mention Dr.

6    Beezy's testimony, and the ALJ only briefly recounted Dr. Beezy's testimony[3]

7    without granting any weight to his opinion. Tr. 43. Thus, it would seem to

8    mischaracterize the ALJ's findings to say that he "agreed" with, or relied in any

9    way, on Dr. Beezy's testimony. The court is inclined to agree with Defendant that

10   due to the lack of reliance on Dr. Beezy's opinion, the inaudible portions are not

11   material or essential to conduct an adequate judicial review. However, on remand

12   the Commissioner should reevaluate Dr. Beezy's testimony along with the other

13   medical opinion evidence, and if necessary take additional expert testimony to

14   clarify the inaudible portions of the transcript.

15   **E. Step Five and RFC**

16   [3] In his decision, the ALJ mistakenly refers to Dr. Beezy as Dr. Mabee. Tr. 43.

17   Plaintiff argues this is further evidence that the failure to clarify the inaudible

18   portions of the transcript was harmful error. ECF No. 26 at 4. However, the ALJ's

19   decision precisely recounts Dr. Beezy's testimony (Tr. 69-75), and the court

20   declines to assign error on this basis.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 26

1    Plaintiff argues that the Appeals Council failed to consider the combined

2  impact of Plaintiff's impairments in the RFC analysis, and conducted an improper

3  analysis at step five of the sequential evaluation. ECF No. 19 at 22-25, 32-35.

4  Because of errors in considering the medical opinion evidence and in the

5  credibility determination, the RFC is not properly supported and the step five

6  finding is in question. On remand, the Commissioner should make a new step five

7  finding as is appropriate.

8                                **CONCLUSION**

9    The Appeals Council decision was not supported by substantial evidence

10  and free of legal error. Remand is appropriate when, like here, a decision does not

11  adequately explain how a conclusion was reached, "[a]nd that is so even if [the

12  Commissioner] can offer proper post hoc explanations for such unexplained

13  conclusions," for "the Commissioner's decision must stand or fall with the reasons

14  set forth in the [] decision." *Barbato v. Comm'r of Soc. Sec.,* 923 F.Supp. 1273,

15  1276 n. 2 (C.D.Cal.1996) (citations omitted). On remand, the Commissioner must

16  reconsider the credibility analysis. Additionally, the Commissioner must properly

17  weigh all of the relevant medical opinion evidence according to the requisite

18  factors; and, if necessary, reconsider the entirety of the sequential process.

19  **ACCORDINGLY, IT IS HEREBY ORDERED:**

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 27

1.  Plaintiff's Motion for Summary Judgment, ECF No. 19, is **GRANTED**.

The matter is remanded to the Commissioner for additional proceedings

pursuant to sentence four 42 U.S.C. § 405(g).

2.  Defendant's Motion for Summary Judgment, ECF No. 25, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and

provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall

be **CLOSED**.

**DATED** this 13th  day of  March, 2015.

_____s /Fred Van Sickle_____
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 28